Filed 11/20/25  P. v. Gutierrez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MARTIN GUTIERREZ, JR.,

    Defendant and Appellant.

E084266

(Super.Ct.No. INF1501680)

OPINION

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2019 a jury convicted Martin Gutierrez, Jr., of second-degree murder and attempted first-degree murder. In 2024, Gutierrez brought a petition under what is now Penal Code section 1172.6[1] seeking to have his conviction vacated and be resentenced. The court denied the petition at the prima facie stage because Gutierrez's jury instructions established he was ineligible for relief. Gutierrez argues these instructions were ambiguous by leaving open the possibility that the jury convicted him under an invalid theory of guilt. We affirm.

BACKGROUND

In 2016, Gutierrez was charged via information with murder (§ 187), two counts of unlawfully possessing a firearm (§ 29800) and attempted murder (§§ 187/664). The information also alleged Gutierrez was a principal in the murder and that a principal intentionally discharged a firearm proximately causing bodily injury or death in connection with the murder (§ 12022.53, subds. (d), (e).), and that he personally and intentionally discharged a firearm and proximately caused great bodily injury or death in connection with the attempted murder (§ 12022.53, subd. (d)). Finally, it alleged he committed all the charged crimes for the benefit of a gang (§ 186.22, subd. (b)(1)(C)) and that he had a prior strike and prior serious felony conviction. (§ 667, subds. (a), (c), and (e)(1).)

Gutierrez proceeded to trial on these charges. His jury was not instructed on the natural and probable consequences doctrine or felony murder. However, it received

---

[1] Unlabeled statutory citations refer to the Penal Code.

CALCRIM Nos. 400 and 401. CALCRIM No. 400 states "[a] person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator." CALCRIM No. 401 states that in order for a defendant to be guilty of a crime as the aider and abettor, the People must prove "that: 1. [t]he perpetrator committed the crime; 2. [t]he defendant knew that the perpetrator intended to commit the crime; 3. . . . the defendant intended to aid and abet the perpetrator in committing the crime," and that the defendant "did in fact aid and abet the perpetrator's commission of the crime."

The jury found Gutierrez guilty of second-degree murder and first-degree attempted murder and found true the firearm use allegation associated with the attempted murder charge (but not the one associated with the murder charge). (*People v. Alvarez et al.* (January 13, 2022, E072886) [nonpub. opn.].)[2] It also found the gang enhancement true, but this court struck those findings on appeal. (*Alvarez*, *supra*, E072886 [nonpub. opn.].)

In 2024 Gutierrez filed a petition under what is now section 1172.6 seeking to be resentenced on the basis that he could not now be convicted of murder and/or attempted murder.[3] The prosecution argued Gutierrez was statutorily ineligible because his jury was not instructed on any now-invalid theory. The trial court summarily denied the

---

[2] We rely on our prior opinion on direct appeal from Gutierrez's conviction only to establish the procedural history of the case. (§ 1172.6, subd. (d)(3) ["The court may also consider the procedural history of the case recited in any prior appellate opinion."]; *People v. Flores* (2022) 76 Cal.App.5th 974, 988, disapproved on other grounds in *People v. Patton* (2025) 17 Cal.5th 549.)

[3] Gutierrez does not argue that his petition should have been granted as to his attempted murder conviction.

3

petition after taking judicial notice of the jury instructions on the basis that he was not eligible for relief as a matter of law and therefore the petition did not state a prima facie case for relief.

## DISCUSSION

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018 ch. 1015), effective January 1, 2019, which among other things amended the definition of felony murder in section 189. This amended felony-murder rule restricted culpability for murder to actual killers, aiders and abettors, and anyone who was "a major participant in the underlying felony and acted with reckless indifference to human life" unless the victim was a peace officer. (§ 189, subds. (e)(1)-(3), (f).) Senate Bill No. 1437 also added section 1170.95, later renumbered to section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts," if, among other things, "[t]he petitioner could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021 ch. 551) amended section 1172.6 further to "expand[] eligibility for resentencing to include not only those convicted of felony murder or murder under the natural and probable consequences doctrine, but also those convicted of murder under any 'other theory under which malice is imputed to a person based solely on that person's

4

participation in a crime.' " (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 (*Berry-Vierwinden*).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)  "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder that remains valid, denying relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.)

We review the trial court's decision at the prima facie stage de novo.  (*People v. Bodely*, (2023) 95 Cal.App.5th 1193, 1200.)

Gutierrez's jury could not have convicted him of second-degree murder on a theory made invalid by Senate Bill No.1437.  They did not receive instructions on felony murder or the natural and probable consequences, and the changes wrought by Senate Bill No. 1437 did not change liability for murder as an aider and abettor.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law."].)

However, relying on *People v. Powell* (2021) 63 Cal.App.5th 689 (*Powell*) and *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), Gutierrez argues the aiding and

abetting instructions his jury received were ambiguous, and might have permitted it to convict him on an invalid theory. As explained in *Berry-Vierwinden*, "[i]n *Powell* . . . the court ruled that CALCRIM No. 401 on direct aiding and abetting liability was 'not tailored' for aiding and abetting a second degree implied malice murder, because," CALCRIM No. 401 "couches direct aiding and abetting liability in terms of the aider and abettor knowing the perpetrator intended to commit *the crime*," but "the aider and abettor of implied malice murder need not intend the commission of *the crime* of murder. Rather, relative to the aider and abettor's intent, he or she need only intend the commission of the perpetrator's *act*." (*Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 932, quoting *Powell* at p. 714.) "In *Langi*, the court extended this holding to a section 1172.6 proceeding and concluded that the instructional error identified in *Powell* permitted the jury to convict the defendant of aiding and abetting a second degree murder on a theory of imputed malice, making him eligible for relief under the statute as amended by Senate Bill No. 775." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 932, citing *Langi*, *supra*, 73 Cal.App.5th pp. 978–984.)

However, at least one other court has disagreed with *Langi* about how to handle the ambiguity identified in *Powell* with regards to petitions under section 1172.6. In *Berry-Vierwinden* our colleagues in Division One rejected the argument that instructional ambiguity could render a petitioner eligible for relief under section 1172.6 because "[t]o establish a prima facie case for relief, [a petitioner is] required to demonstrate that he could not presently be convicted of murder 'because of' the 'changes' made by Senate

6

Bill No. 1437." (*Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 935.) However "the instructional errors [petitioner] asserts have nothing to do with these 2019 legislative changes. What he is really arguing is that the instructions 'may have misled the jury as to what was *then* required to convict [him].' " (*Ibid.*) "By arguing that the jury instructions allowed the jury to convict him as a direct aider and abettor of murder on an imputed malice theory, [petitioner] is necessarily asserting that they were erroneous under the law in effect at the time of his . . . trial and subsequent direct appeal." (*Id.* at p. 936.) *Berry-Vierwinden* noted that by 2001, our Supreme Court had "made 'clear . . . that "when guilt does not depend on the natural and probable consequences doctrine, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator." ' " (*Id.* at p. 935, discussing *People v. McCoy* (2001) 25 Cal.4th 1111.) Therefore "petitioner cannot establish a prima facie case for relief by asserting that the jury instructions permitted conviction on a theory of imputed malice that was *already* prohibited even *before* the enactment of Senate Bill No. 1437." (*Berry-Vierwinden*, *supra*, at p. 936.)

We agree with *Berry-Vierwinden* and disagree with *Langi*. At most, the argued instructional error may have permitted Gutierrez's jury to convict him under a theory of guilt that would have been legally invalid even if Senate Bill No. 1437 was never passed. Therefore, his argument "amounts to 'a routine claim of instructional error' that 'could have been asserted on appeal from the judgment of conviction.' " (*Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 936.) A petition under section 1172.6 is not the proper

7

vehicle to challenge such instructional error, as " '[it] does not create a right to a second appeal, and [Gutierrez] cannot use it to resurrect a claim that should have been raised in his [direct] appeal.' " (*Ibid.*)

Because we find *Berry-Vierwinden*'s reasoning persuasive, and because Gutierrez's jury was not instructed on a now invalid theory of guilt, we agree with the trial court's order finding Gutierrez failed to state a prima facie claim for relief and affirm.

Gutierrez argues in the alternative that his trial counsel's failure to object to this ambiguity constituted ineffective assistance of counsel. However, "[t]he appropriate means of raising a claim of ineffective assistance of counsel is either by direct appeal or by petition for a writ of habeas corpus." (*People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.) We therefore do not address the issue here.

## DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAPHAEL</u>

J.

We concur:

<u>McKINSTER</u>

Acting P. J.

<u>MILLER</u>

J.